United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 20, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 03-40518**

---

**RONALD DWAYNE WHITFIELD,**

**Petitioner-Appellant,**

**versus**

**DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,**

**Respondent-Appellee.**

---

**Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-03-CV-29**

---

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ronald Dwayne Whitfield, Texas prisoner # 623668, moves to consolidate appeals number 03-40518 and 03-40541. Whitfield's motion to consolidate the appeals is **DENIED**. His motions for orders to the warden of his place of incarceration to forward mail and to supply him with legal writing material are **DENIED**.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Whitfield seeks a certificate of appealability (COA) to appeal from the dismissal of his 28 U.S.C. § 2254 habeas corpus claims. A COA may be issued only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C.§ 2253(c)(2). When a district court denies 28 U.S.C. § 2254 relief on procedural grounds without reaching the merits of the 28 U.S.C. § 2254 application, this court should grant a COA only if the COA applicant can show that jurists of reason would find it debatable whether the application has stated a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court's procedural ruling was correct. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Whitfield has failed to show that jurists of reason could disagree about whether the district court's procedural analysis was correct. Whitfield's request for a COA therefore is **DENIED**.

Whitfield's argument that he is under imminent danger of serious physical injury is construed as a request to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 claims and is **DENIED**. Whitfield is barred from proceeding IFP under 28 U.S.C. § 1915(g) and he has failed to show that he is under imminent danger of serious physical injury. Because Whitfield has failed to make the showing required to overcome the bar of 28 U.S.C. § 1915(g) and has not paid the appellate filing fee as to his 42 U.S.C. § 1983 claims, his appeal is **DISMISSED** as

2

to those claims.  If Whitfield wishes for his appeal to be reinstated as to his 42 U.S.C. § 1983 claims, he must pay the Clerk of the district court the full appellate filing fee within 15 days of the date of this order and move in this court to reinstate the appeal.  Only the 42 U.S.C. § 1983 claims will be addressed should Whitfield pay the filing fee and should the appeal be reinstated. Finally, **IT IS ORDERED** that the Clerk of this court is authorized to rule on any motion to reinstate this appeal.

**MOTION TO CONSOLIDATE APPEALS DENIED; COA DENIED; IFP DENIED AS TO 42 U.S.C. § 1983 CLAIMS; ALL OTHER MOTIONS DENIED; APPEAL DISMISSED AS TO 42 U.S.C. § 1983 CLAIMS.**